UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LILLIE M. MIDDLEBROOKS,

        Plaintiff,

        v.

GODWIN CORPORATION

        Defendant.

Civil Action No. 11-00922
Civil Action No. 11-00924

**MEMORANDUM OPINION**

Presently before the Court are the defendant's motions to reconsider this Court's Orders granting the plaintiff's motions to remand these two related cases to the Superior Court for the District of Columbia. For the reasons discussed below, the defendant's motions are granted and the orders to remand these cases to Superior Court are vacated. In addition, the Court will consolidate the two separate actions brought by the plaintiff against the defendant into a single action. Finally, the Court will strike the plaintiff's two existing complaints for failure to provide a short and plain statement of the plaintiff's claims to relief, as required by the Federal Rules of Civil Procedure. The Court will give the plaintiff 30 days to file a single, revised complaint in the consolidated action.

**I.    BACKGROUND**

On April 20, 2011, plaintiff Lillie M. Middlebrooks, who is proceeding pro se in this action, filed two complaints against her previous employer, Godwin Corporation, in the Superior Court of the District of Columbia.[1] Compl. ¶ 1. These actions arise out of Godwin's response to

---

[1] The plaintiff's two cases have been removed to this Court and docket as Civil Action Nos. 11-922 and 11-924. For ease of reference, citations in this opinion will only refer to filings in Civil Action No. 11-922 unless otherwise

1

a subpoena served on it in a prior litigation involving plaintiff and another former employer, St. Coletta of Greater Washington, Inc.  Def.'s Mem. in Supp. of its Mot. To Dismiss ("Def.'s Mem."), ECF No. 5, at 4.  Plaintiff contends that Godwin wrongfully produced her employment records in response to that subpoena.  *Id*.

The defendant removed the actions from the Superior Court of the District of Columbia to this Court based upon alleged diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  *See* Notice of Removal, ECF No. 1, at 1, 5-9.  Diversity jurisdiction exists where an action is between citizens of different states and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  In this Notice of Removal, Godwin asserted that diversity exists because Godwin is incorporated and has its principal place of business in Maryland, and Middlebrooks is a Virginia "resident."  *Id*. at 6-7.

The plaintiff responded to the Notice of Removal with a motion to remand to Superior Court.  *See* Pl.'s Mot. to Remand, ECF No. 8.  The plaintiff argued, *inter alia*, that the defendant's Notice of Removal failed to properly allege diversity because it only asserted the plaintiff's *residency* and not her citizenship.  *Id.* ¶¶ 37-39, 41.  The plaintiff's argument was correct.  "[A]n allegation of residence alone is insufficient to establish the citizenship necessary for diversity jurisdiction."  *Novak v. Capital Mgmt. and Dev. Corp.*, 452 F.3d 902, 906 (D.C. Cir. 2006) (quotation omitted).  Since the defendant had failed to allege the plaintiff's citizenship in its Notice of Removal – and also did not address this defect in responding to the plaintiff's motion for remand or otherwise move to cure it – the Court granted the plaintiff's motion for remand to Superior Court on October 19, 2011.  Order Granting Mot. to Remand, ECF 10.  In

---

noted.  Parallel versions of all motions and filings referenced in this opinion, however, may be found in both cases.  The cases are procedurally identical for the purposes of this opinion.

response, on October 21, 2011, the defendant submitted a motion for reconsideration, which is presently before the Court.[2]

## II. DISCUSSION

### A. Motion for Reconsideration

In moving for reconsideration of the Court's order to remand this case to Superior Court, Godwin states that its reference to plaintiff's "residence" instead of her "citizenship" was merely inadvertent and a mistake. Def.'s Mot. for Reconsid., ECF No. 11, at 1. Further, the defendant contends that there is no dispute that the plaintiff is a citizen of Virginia and that diversity therefore exists in this matter. *Id.* Accordingly, the defendant argues that its motion for reconsideration should be granted and the motion for remand should be denied. *Id.* at 3.

Federal Rule of Civil Procedure 60(b)(1) states that the court may relieve a party from an order for "mistake, inadvertence, surprise, or excusable neglect."[3] FED. R. CIV. P. 60(b)(1). This Court has held that Rule 60(b) "was intended to preserve the 'delicate balance between the sanctity of final judgments ... and the incessant command of the court's conscience that justice be done in light of all the facts.'" *Norris v. Salazar*, No. 09-01042, 2011 WL 4926096, at *3 (D.D.C. Oct.18, 2011) (quoting *Good Luck Nursing Home, Inc. v. Harris,* 636 F.2d 572, 577 (D.C. Cir. 1980)). The determination of "excusable neglect" is an equitable matter that requires consideration of, *inter alia*, the risk of prejudice to the non-movant and whether the movant

---

[2] The plaintiff has not filed any response to the motions for reconsideration.

[3] A motion for reconsideration is generally treated as a Fed. R. Civ. P. 59(e) motion if it is filed within 28 days of entry of the challenged order and as a Rule 60(b) motion if filed thereafter. *See Mcmanus v. District of Columbia* 545 F. Supp. 2d 129, 133 (D.D.C. 2008) (referencing prior version of Rule 59(e), which provided that a motion to alter or amend a judgment must be made within 10 days instead of 28 days). The defendant has not addressed whether Rule 59(e) ought to apply in this case, but the Court need not reach this issue since it concludes that reconsideration would be appropriate under Rule 59(e) or Rule 60(b). In addition, the Court notes that it retains jurisdiction to consider this motion for reconsideration of its order to remand to Superior Court because the remand order has not yet been mailed to the Superior Court. *See Shapiro v. Logistec USA, Inc.*, 412 F.3d 307, 312 (2d Cir. 2005) (holding that under 28 U.S.C § 1447(c) and (d), federal jurisdiction terminates "once a section 1447(c) remand order has been mailed to the state court.").

acted in good faith. *FG Hemisphere Assocs., LLC v. Dem. Rep. Congo*, 447 F.3d 835, 838 (D.C. Cir. 2006) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395–97 (1993)); *see also Elec. Privacy Info. Ctr. v. U.S. Dep't of Homeland Sec.*, No. 09-2084, 2011 WL 4014308, at *5 (D.D.C. 2011) ("Relief under Rule 60(b)(1) turns on equitable factors, notably whether any neglect was excusable.") (citing *Pioneer Inv. Servs. Co.*, 507 U.S. at 392). A district court's decisions on Rule 60(b) motions are reviewed for abuse of discretion. *FG Hemisphere Assocs.*, 447 F.3d at 838.

Under the standard discussed above, the Court will grant the defendant's motion for reconsideration under Rule 60(b)(1). First, the Court accepts the defendant's explanation that its references to residence instead of citizenship were not willful. Rather, it is evident from the motion for reconsideration that the defendant intended to allege the plaintiff's citizenship, but used the term "resident" mistakenly. The defendant now asserts that the plaintiff is a "resident, domiciliary, and citizen of Virginia," and that, therefore, diversity is clearly present. Def.'s Mot. for Reconsid. at 3. The Court is satisfied that Godwin Corporation intended to allege such diversity, and the inaccuracy in its Notice of Removal was an inadvertent error, and thus, not a willful action that precludes the granting of reconsideration.

Furthermore, granting defendant's motion for reconsideration will not prejudice the plaintiff. The plaintiff will still have a full opportunity to proceed upon her case in federal court, to the extent that her claims are viable. Moreover, granting the motion for reconsideration will preserve judicial economy since the defendant would likely attempt to remove this case again given its contention that diversity of citizenship exists. Accordingly, the Court finds that the defendant's use of the term "resident" instead of "citizen," in the context of this case, constitutes

the type of mistake or excusable neglect which permits the Court to exercise its discretion to grant relief under Rule 60(b)(1).

### B. Defendant's Removal Was Proper

Before granting reconsideration and denying remand, the Court also must consider the other arguments for remand that the plaintiff raised in her motion. Citing 28 U.S.C. 1446(b), the plaintiff also contends that removal was improper because Godwin Corporation removed the case before it was properly served in Superior Court. According to the plaintiff, a foreign corporation conducting business in the District of Columbia must be served within the District itself, but Godwin Corporation was only served in the state of Delaware. Pl.'s Mot. to Remand, ECF No. 8, at 5 (citing D.C. Code §13-334). Therefore, the plaintiff argues that this service of process is incomplete and that incomplete service of process renders the defendant's removal premature. *See id*. at 7.

Despite any insufficient service, this Court finds that the defendant's removal was not improper. Federal courts have held that formal service is not required before removing a case. *See Addison v. First Family Financial Services*, No. 4:06-CV-22LR, 2006 WL 1307948, at *1 (S.D. Miss. May 10, 2006) (stating that service of process need not occur before removal); *Arthur v. Litton Loan Serv. LP*, 249 F. Supp. 2d 924, 931 (E.D. Tenn. 2002) ("[S]ervice of process is not a prerequisite to the defendants exercising their right of removal under 28 U.S.C. §1446"."); *North v. Precision Airmotive Corp.*, 600 F. Supp. 2d 1263, 1270 (M.D. Fla. 2009) (stating that a defendant may remove prior to service); *Watanbe v. Lankford*, 684 F. Supp. 2d 1210, 1214-15 (D. Haw. 2010) (holding that the defendant's filing of a notice of removal before being served by plaintiffs did not render removal defective); *Delgado v. Shell Oil Co.*, 231 F.3d

165, 177 (5th Cir. 2000) (explaining that service of process is not an absolute prerequisite to removal).

The plaintiff argues that the Supreme Court's decision in *Murphy Brothers v. Michetti Pipe Stringing, Inc.*, 526 U.S. 347 (1999), demonstrates that formal service must be received before removal may take place. In *Murphy Brothers*, the Supreme Court found that the receipt of a complaint without formal service did not trigger the defendant's time period to remove a case from state court. *Murphy Bros*., 526 U.S. at 347-348. The opinion in *Murphy Brothers*, however, "did not address whether service was a prerequisite for a defendant to be able to remove a case." *Delgado,* 231 F.3d at 177 n.23; *see also North,* 600 F. Supp. 2d at 1270 ("[T]he *Murphy Brothers* decision did not superimpose a service requirement on Section 1446(b)"). *Murphy Brothers* does not address the validity of removal before service, and therefore, the plaintiff's reliance on this case is misplaced. The timing of the defendant's removal does not provide any basis for remand.

The plaintiff's additional contentions regarding the impropriety of removal are also unavailing. Accordingly, the motion for reconsideration is granted and the plaintiff's motion to remand is denied. The Court will now address the consolidation of the plaintiff's two pending actions.

### C. Consolidation of the Cases Pursuant to Federal Rule of Procedure 42(a)(2)

The Court will consolidate the plaintiff's two pending cases against Godwin Corporation. Federal Rule of Civil Procedure 42(a)(2) states that a district court may order consolidation when faced with actions that contain "a common question of law or fact." FED. R. CIV. P. 42 (a)(2). Consolidation allows courts to avoid the squandering of resources in unnecessary proceedings, and district courts have the authority to exercise discretion in determining if such consolidation is

appropriate. *See Nat'l Ass'n of Mortg. Brokers v. Bd. of Governors of the Fed. Reserve Sys.,* 770 F. Supp. 2d 283, 286 (D.D.C. 2011) (stating that in employing this discretion, district courts must "weigh the risk of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on common factual and legal questions, the burden on the parties and the court, the length of time, and the relative expense of proceeding with separate lawsuits if they are not consolidated"); *State of Ohio ex rel. Montgomery v. Louis Trauth Dairy, Inc.,* 163 F.R.D. 500, 503 (S.D. Ohio 1995) (in considering whether consolidation is warranted, "the court balances the value of time and effort saved by consolidation against the inconvenience, delay, or expense increased by it").

Consolidation is clearly warranted here. The plaintiff's two actions against Godwin Corporation both appear to derive from the allegation that Godwin acted wrongfully in complying with a third-party subpoena. Def.'s Mem. at 2. Thus, a common question of law or fact undoubtedly unites these two actions. "[C]onsolidation is particularly appropriate when the actions are likely to involve substantially the same witnesses and arise from the same series of events or facts," and such is the situation here. *Hanson v. District of Columbia,* 257 F.R.D. 19, 21 (D.D.C.2009). Each claim appears to arise from Godwin's release of information in response to the subpoena, and thus derive from the same series of facts and events. Consolidating claims that assert primarily the same allegations will pose no risk of prejudice or inconsistent rulings, and time and resources will be wasted if these actions remain unnecessarily separated. Accordingly, the Court orders the consolidation of the plaintiff's two actions pursuant to Federal Rule of Civil Procedure 42(a)(2) into a single action. Both cases – Nos. 11-922 and 11-924 – will be consolidated into Civil Action No. 11-922.

### D. The Plaintiff's Failure to Comply with Rule 8(a)

Finally, the Court finds that the plaintiff's existing Complaints in both pending actions should be stricken without prejudice because they fail to state concise claims for relief as mandated by Federal Rule of Civil Procedure 8. Federal Rule of Civil Procedure 8 requires that each complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and that "each allegation must be simple, concise, and direct." FED. R. CIV. P. 8(a)(2), 8 (d) (1). Rule 8 accentuates "the emphasis placed on clarity and brevity by the federal pleading rules" and a clear and succinct complaint is therefore expressly mandated. *Ciralsky v. CIA,* 355 F.3d 661, 669 (D.C. Cir. 2004). The plaintiff's Complaints, which contain 592 and 740 enumerated counts, respectively, plainly do not meet this standard.

Courts in this jurisdiction have recognized the importance of the Rule 8 standard, and complaints that lack the requisite short and plain statement of the claim have been frequently dismissed. *See Karim-Panahi v. U.S.* Congress, 105 Fed. App'x 270, 271 (D.C. Cir. 2004) (holding that district court properly dismissed a complaint containing a purported one thousand causes of action for failing to meet Rule 8's requirements); *Ciralsky*, 355 F.3d at 669 (finding that the district court did not abuse its discretion when it dismissed a discursive complaint on the grounds that it did not meet Rule 8's short and plain standard). In the instant case, the plaintiff's lengthy complaints are analogous to the dismissed complaints in both *Karim-Panahi* and *Ciralsky.* The several hundred enumerated counts in the plaintiff's Complaints contain exceedingly repetitive language. These Complaints recite claims that are "neither short nor plain" and appear to provide a "repetitive, discursive and argumentative account of the alleged wrongs suffered by the plaintiff." *Ciralsky*, 355 F.3d at 669. As the Second Circuit has stated, "[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who

must respond to it because they are forced to select the relevant material from a mass of verbiage." *Id*. (quoting *Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir. 1988)).

Accordingly, both of the plaintiff's Complaints in their current form shall be stricken and the plaintiff will have 30 days to file one, single complaint against Godwin Corporation that satisfies the standard of Federal Rule of Civil Procedure 8. If the plaintiff fails to file a Complaint that complies with Rule 8, this action will be dismissed without prejudice.

Considering the plaintiff's pro se status, the Court offers the following recommendations for creating a revised complaint. The Complaint should provide a short and plain statement of the claim against Godwin Corporation showing that the plaintiff is entitled to relief. Each allegation must be simple, concise, and direct. There is no need to plead multiple "counts" for the violation of the same rule of law and a higher number of counts will not result in any greater liability. For example, if the plaintiff believes the defendant violated a particular rule of law on multiple occasions or in multiple ways, each instance of alleged violation need not be pled in a separate count. Rather, the plaintiff may plead a single count accompanied by a *short and plain* description of the facts and circumstances in which the defendant allegedly committed the violation. The plaintiff should be as clear as possible in identifying the rule or rules of law that she believes the defendant has violated. The plaintiff should keep these guidelines in mind in preparing a revised Complaint.

### III.   CONCLUSION

For the reasons explained above, the defendant's motions for reconsideration are granted. The orders to remand these cases to the Superior Court of the District of Columbia are vacated. In addition, the plaintiff's two actions against the defendant will be consolidated under Civil Action No. 11-922. The two existing complaints are stricken without prejudice for failure to

provide a short and plain statement of the plaintiff's claims to relief, as required by the Federal Rules of Civil Procedure. The plaintiff shall file a single, revised complaint in Civil Action No. 11-922 on or before December 9, 2011.

DATED: November 9, 2011

/s/ *Beryl A. Howell*
BERYL A. HOWELL
United States District Judge